UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-20698-CIV-MORENO

JEAN PAUL and I RIDE 4 ME INC.,

    Plaintiffs,

vs.

RAYTRONIKS INC.; RAJUN CAJUN, INC.;
and WILLIAM RAY NORWOOD, JR. a/k/a
RAY J,

    Defendants.
_____/

## **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

I. **Background**

This case arises out of a purported business relationship between Plaintiff Jean Paul and Defendant William Ray Norwood, Jr.,[1] also known as Ray J. Plaintiffs filed a seven-count Complaint in the Circuit Court of the Eleventh Judicial Circuit of Florida and Defendants timely removed to this Court. Plaintiff Jean Paul is the president of I Ride 4 Me, Inc. I Ride 4 Me, Inc. is a Florida corporation that sold scooter bikes featuring the brand "iRide4Me." Defendant Norwood is allegedly the principal of Defendants Raytroniks Inc. and Rajun Cajun Inc., companies that sell electric scooter bikes featuring the brand "Scoot-E-Bike." Plaintiffs allege that Norwood agreed to become an investor, celebrity endorser and seller of Plaintiffs' iRide4Me electric scooter. Plaintiffs further allege that on October 10, 2015, Plaintiffs entered into a business plan agreement for the sale and distribution of iRide4Me electric scooter bikes with a China-based manufacturing company: Dong Guan LEHE Intelligent Technology Co. Ltd.

---

[1] Willie Ray Norwood, Jr. is erroneously identified as William Ray Norwood, Jr. in the Complaint. Thus, Plaintiffs' shall have leave to amend their Complaint to correct the spelling of Defendant Norwood in the case caption.

Pursuant to the business plan agreement, Jean Paul and Norwood purportedly finalized their agreement to enter into a business venture for the sale and promotion of the iRide4Me scooter in November 2015.

Plaintiffs were allegedly short on funding to carry out the business plan agreement, so in December 2015, Jean Paul submits that he traveled to New York City and hand delivered two iRide4Me scooters to Norwood, to be used to obtain financing to fulfill the first order of scooters contemplated by the business plan agreement. On December 6, 2015, Jean Paul purportedly sent Norwood the business plan agreement along with a separate investor's agreement where Norwood would tender $25,000 for the purpose of ordering the first set of iRide4Me scooters. Plaintiffs submit that Norwood never signed the agreement but instead made it his own by completing a contract with LEHE for the distribution and sale of a similar electric scooter bike, marketed under the name Scoot-E-Bike.

Plaintiffs filed a seven-count Complaint under Florida law alleging: (I) Tortious Interference with Advantageous Business Relationship; (II) Civil Theft; (III) Unlawful Conversion; (IV) a violation of the Deceptive and Unfair Trade Practices Act; (V) Unfair Competition; (VI) Defamation; and (VII) Unjust Enrichment. Defendants move to partially[2] dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the Court grants the Motion with leave to amend the Complaint.

II. **Legal Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a

---

[2] Defendants move to dismiss all counts except: Counts II and III to the extent that Plaintiffs allege theft and conversion of two scooters and Count VI (defamation).

motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555; *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is "entitled to relief." *Iqbal*, 556 U.S. at 677-78.

III. **Analysis**

Defendants argue that Plaintiffs' claims fail because Florida law prohibits lawsuits for the theft of ideas, absent a signed writing. The Complaint alleges that Defendants "usurped Plaintiffs' Business Plan Agreement, Plaintiffs' concept of the celebrity endorsed electric scooter bike, and Plaintiffs' ability to have the sole selling privilege in the United States of the LEHE K1 electric scooter bike." D.E. 1-2 Ex. A ¶ 29. Defendants rely on Florida Statute 501.972, a section titled "Actions based upon use of a creation that is not protected under federal copyright law," that states in relevant part:

(1) Except as provided in subsection (2), the use of an idea, procedure, process, system, method of operation, concept, principle, discovery, thought, or other creation that is not a work of authorship protected under federal copyright law does not give rise to a claim or cause of

3

action, in law or in equity, unless the parties to the claim or cause of action have executed a writing sufficient to indicate that a contract has been made between them governing such use.

(2) Subsection (1) does not affect or limit:

(a) Any cause of action based in copyright, trademark, patent, or trade secret; or

(b) Any defense raised in connection with a cause of action described in paragraph (a).

Plaintiffs claim $30,000,000 in damages for the theft and unauthorized use of (1) Plaintiffs' business plan agreement; (2) two iRide4Me scooters; and (3) the concept of the celebrity endorsed electric scooter bike. D.E. 1-2 Ex. A ¶ 56. Thus, the Court must analyze whether the relief sought by Plaintiffs is preempted by federal copyright law before it can determine whether section 501.972 bars Plaintiffs' claims.

The issue is whether the business plan agreement or concept of the celebrity endorsed electric scooter bike are preempted by federal copyright law.[3] The Court finds that they are not. Plaintiffs allege an injury from the theft of an idea that they do not allege is copyrighted. In fact, the Court questions whether it could even be copyrighted. *See* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, profess, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."). Plaintiffs' claims are neither "cause[s] of action based in copyright, trademark, patent, or trade secret" nor "defense[s] raised in connection with" those causes of action. Fla. Stat. § 501.972(2). Accordingly, Defendants' purported use of Plaintiffs' ideas cannot support their claims unless Plaintiffs and Defendants "have executed a writing sufficient to indicate that a contract has been made between them governing such use." Fla. Stat. § 501.972(1).

---

[3] The Court need not analyze whether the purported theft of the two scooters is preempted by federal copyright law because Defendants' concede that their motion to dismiss does not address theft of the scooters. D.E. 9 at 2 n.2.

In *Kaminski v. BP Expl. & Prod. Inc.*, 975 F. Supp. 2d 1220, 1231 (M.D. Fla. 2013), the plaintiff alleged that BP America Production Co. used his idea to stop the 2010 Deepwater Horizon oil leak without compensating him. The court dismissed the complaint because the "[p]laintiff's complaint contains no allegation . . . that BP executed any writing, let alone one sufficiently indicating that BP and Plaintiff made a contract governing BP's use of his ideas." *Id.* at 1233. Similarly, in *Laing v. BP Expl. & Prod. Inc.*, No. 8:13-CV-1041-T-23TGW, 2014 WL 272846, at *1 (M.D. Fla. Jan 23, 2014), the court held that section 501.972 barred claims for unjust enrichment, Florida's Deceptive and Unfair Trade Practices Act, breach of fiduciary duty, civil theft, and conversion, because there were no writings executed by the parties.

In this case, the Complaint centers on the alleged "use of an idea, procedure, process, system, method of operation, concept, principle, discovery, thought, or other creation," and fits squarely within the ambit of section 501.972. The Complaint is devoid of any writing signed by Defendants. In fact, the only written communications between the Parties occurred when Jean Paul sent Norwood the Investors Agreement and Business Plan, both of which Plaintiffs do not allege were ever assented to in writing by Defendants. *See* D.E. 1-3 Ex. A at ¶ 22 (Defendant Ray J never signed the Investor's Agreement . . ."); D.E. 1-3 at Ex. D (Plaintiff sends Norwood a draft investors agreement that is unsigned by either party); D.E. 1-3 at Ex. E (screenshot of an email where Plaintiff sent Norwood the business plan agreement).

Under Florida law, a valid contract requires an (1) offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of essential terms of the agreement. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). Plaintiffs submit that a legally binding agreement was formed—despite a lack of a signed contract—because Norwood "assent[ed] to participate as an investor and celebrity endorser for iRide4Me" by agreeing to a photograph in which Norwood

and Jean Paul "extend[ed] their thumbs upward in approval" with an iRide4Me electric scooter between them. D.E. 1-3 Ex. B. Plaintiffs grossly mischaracterize the photo as Norwood appears to be pointing his index finger at the camera, not giving a "thumbs up." Notwithstanding that mischaracterization, the Court need not delve into the study of non-verbal human communication, because even if Norwood was giving a "thumbs up," it would still not be sufficient to form a contract under Florida law—much less satisfy section 501.972.

IV. **Conclusion**

If Plaintiffs had one wish, Counts I, IV, V, and VII would never end, they would just begin. But wait a minute, Plaintiffs need to let it go, because a photo is not a formal invite to be bound by the terms of a contract, much less satisfy a statute that requires a writing. Accordingly, Defendants' Motion to Dismiss is GRANTED with leave for Plaintiffs to amend their Complaint no later than **April 27, 2018**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of April 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record